UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE UNDERWOOD,<br><br>            Plaintiff,<br><br>    v.<br><br>R. COX, et al.,<br><br>            Defendants. | 1:16-cv-00597-EPG (PC)<br><br>ORDER SCREENING PLAINTIFF'S FIRST AMENDED COMPLAINT AND FINDING NON-FRIVOLOUS CLAIM AGAINST DEFENDANTS COX AND STANLEY FOR VIOLATION OF THE EIGHTH AMENDMENT AND DISMISSING ALL OTHER ASSERTED CLAIMS AND DEFENDANTS; WITH LEAVE TO AMEND<br><br>ORDER FOR PLAINTIFF TO EITHER: (1) NOTIFY THE COURT THAT HE IS WILLING TO PROCEED ONLY ON THE EIGHTH AMENDMENT CLAIM AGAINST DEFENDANTS COX AND STANLEY; OR (2) FILE A SECOND AMENDED COMPLAINT<br><br> (ECF NO. 9)<br><br>THIRTY DAY DEADLINE |

**I.     BACKGROUND**

Andre Underwood ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on April 28, 2016. (ECF No. 1). The Court screened Plaintiff's complaint on December 7, 2016. (ECF No. 8). The Court found a non-frivolous claim against Defendants Cox and Stanley for violation of the Eighth Amendment, dismissed

all other asserted claims and defendants, and provided Plaintiff the opportunity to file an amended complaint. (Id.). Plaintiff filed a First Amended Complaint on January 9, 2017. (ECF No. 9). The First Amended Complaint largely repeats the factual allegations in Plaintiff's complaint that Plaintiff was twice subjected to discipline that included loss of outdoor exercise privileges for 90 days each time. Plaintiff also asserts that the prison improperly denied his grievances concerning this disciplinary action. The Court reaches the same conclusion as it did in its December 7, 2016, order, and upholds the same claim in this order and dismisses the rest.

However, in light of certain claims in the First Amended complaint, the Court provides certain legal guidance, as well as leave to amend, in order to provide Plaintiff an opportunity to set forth additional allegations supporting those claims if he so chooses. Otherwise, the Court is prepared to proceed on the claim already upheld against Defendants Cox and Stanley and to dismiss the remaining defendants and claims.[1]

**II.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief…." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

---

[1] Plaintiff has consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c) (ECF No. 7), and no other parties have made an appearance. Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).  While factual allegations are accepted as true, legal conclusions are not. Id.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, Hospital Bldg. Co. v. Trs. of Rex Hospital, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after Iqbal).

### III.  SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT

As Plaintiff did in his original complaint, Plaintiff alleges that on September 8, 2014, while confined at Kern Valley State Prison ("KVSP") in the custody of the California Department of Corrections and Rehabilitation ("CDCR"), Plaintiff gave a urine sample, which tested positive for THC.  Plaintiff was issued a Rules Violation Report ("RVR") on September 22, 2014.  Plaintiff entered a plea of guilty and was found guilty.

For this violation, Plaintiff was assessed 90 days' loss of privileges to include placement on temporary C-status, no family visits, no dayroom, no telephone, no yard, no access to any other recreational or entertainment activities, and one fourth the maximum monthly canteen draw as authorized by the secretary.

Plaintiff appealed this disposition, specifically the denial of yard and exercise.  Plaintiff requested that yard privileges be reinstated.  Much of Plaintiff's complaint discusses his correspondence with the appeals offices, as the various prison grievance officials repeatedly denied his appeals for various procedural and other reasons.  Plaintiff alleges that these bases were improper and violated CDCR rules for processing grievances.

On November 12, 2014, KVSP Facility B was on lock down status and all inmates were being escorted in mechanical restraints, i.e., handcuffs connected to chains. Correctional Officer S. Pittman approached Plaintiff's cell and ordered plaintiff to submit to a urinalysis sample. Plaintiff asked Pittman if he had to do it while handcuffed and Pittman said yes. Upon hearing Pittman's answer, Plaintiff refused.

On November 20, 2014, Plaintiff was issued an RVR for refusing to submit to a urinalysis sample. Plaintiff was found guilty. Defendant C. Stanley assessed Plaintiff 90 days' loss of privileges to include placement on temporary C-status, no family visits, no dayroom, no telephone, no yard/exercise, no access to any other recreational or entertainment activities, and one fourth the maximum monthly canteen draw as authorized by the secretary. Defendant Stanley also assessed and imposed loss of visiting for 180 days to be followed by non-contact visiting status for 180 days. Defendant Stanley also placed Plaintiff on disciplinary detention for 90 days. Plaintiff remained on disciplinary detention the full 90 days without any outdoor exercise opportunities.

Plaintiff again filed repeated grievances throughout the prison appeal system, which were denied. Plaintiff alleges that such denials were improper.

### IV. EVALUATION OF CLAIMS IN PLAINTIFF'S FIRST AMENDED COMPLAINT

For the reasons set forth in the Court's Order dated December 7, 2016 (ECF No. 8), the Court finds that Plaintiff's First Amended Complaint sets forth a non-frivolous claim for violation of the Eighth Amendment based on conditions of confinement, specifically the lack of outdoor exercise, against Defendants R. Cox and C. Stanley. Also for the reasons set forth in the Court's prior order, Plaintiff First Amended Complaint fails to state a claim against defendants involved in the grievance process.

Plaintiff's legal claims as asserted in Plaintiff's First Amended complaint appear to assert two somewhat different legal claims, which were not addressed in the Court's prior order: a violation of the Due Process Cause based on a failure to provide due process in the original assessment of the Rules Violation, and an equal protection challenge to the

punishments. The Court does not find that the First Amended Complaint contains enough facts to sufficiently allege these constitutional violations, but below the Court provides the legal standards for those claims and gives Plaintiff leave to amend if he believes there are additional facts that would set forth a claim under those legal standards.

### A. Violation of Due Process During the Rules Violation Proceeding

Prisoners retain their right to due process subject to the restrictions imposed by the nature of the penal system. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Prison disciplinary proceedings are not part of a criminal prosecution and the full panoply of rights due a defendant in such proceedings does not apply. See id. But the Due Process Clause requires certain minimum procedural protections where serious rules violations are alleged, the power of prison officials to impose sanctions is narrowly restricted by state statute or regulations, and the sanctions are severe. See id. at 556–57, 571–72 n.19.

*Wolff* established five constitutionally mandated procedural requirements for disciplinary proceedings. First, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." Id. at 564. Second, "at least a brief period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare for the appearance before the [disciplinary committee]." Id. Third, "there must be a 'written statement by the factfinders as to the evidence relied on and reasons' for the disciplinary action." Id. (quoting Morrissey v. Brewer, 408 U.S. 471, 489 (1972)). Fourth, "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Id. at 566. And fifth, "[w]here an illiterate inmate is involved [or] the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case, he should be free to seek the aid of a fellow inmate, or ... to have adequate substitute aid ... from the staff or from a [n] ... inmate designated by the staff." Id. at 570.

A prisoner's right to due process is violated "only if he [is] not provided with process

sufficient to meet the *Wolff* standard." Walker v. Sumner, 14 F.3d 1415, 1419–20 (9th Cir. 1994).

Plaintiff's First Amended Complaint does not contain a detailed description of the proceedings regarding the Rules Violation Report that resulted in his disciplinary sentence. He describes how Defendants Cox and Stanley were "responsible for conducting the hearings for Plaintiff's (RVR) Log No. # FB-14-09-056 on October 7, 2014 (RVR) Log No. # FB 14-11-031 on December 11, 2014," which suggests that hearings were conducted. He alleges that he entered a plea of guilty regarding the October 7, 2014 RVR. He also refers to the December 11, 2014 RVR being "adjudicated" but does not say how. These factual allegations do not set forth a claim for a due process violation because there are no allegations that Plaintiff lacked the procedural rights described above.

That said, Plaintiff alleges in his legal claims section that "Defendants subjected plaintiff to atypical and significant hardship when they failed to provide plaintiff with some amount of protection or level of process such as a hearing or notice." (ECF No. 9, at p. 21). That sentence alone is not enough to set forth a due process claim, but it does give the Court pause. The Court will allow Plaintiff to amend his complaint further if he wishes to add factual allegations that would support a due process violation.

**B. Violation of Equal Protection in Punishment**

Plaintiff's First Amended Complaint asserts that "Defendants treated plaintiff differently then [sic] other inmates who were found guilty of California Department of Corrections and Rehabilitation Rules Violation Reports, in the general population at Kern Valley State Prison and placed on temporary 'C' status." (Id. at p. 22). The Court reviews the applicable law regarding equal treatment below.

To state a § 1983 claim for violation of the Equal Protection Clause, Plaintiff must "show that the defendants acted with an intent or purpose to discriminate against plaintiff based on membership in a protected class." Thornton v. City of St. Helens, 425 F.3d 1158, 1166 (9th Cir. 2005). To state a claim under § 1981, Plaintiff must allege that he suffered intentional discrimination based on his race. Martin v. Ampco Sys. Parking, 2013 WL 5781311, at *14

(D. Haw. Oct. 24, 2013) (citing Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1487 (9th Cir. 1995)); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985). To state a claim under § 1985(3), Plaintiff must allege a conspiracy motivated by race or class-based discriminatory animus. Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 267-68 (1993); see Bretz v. Kelman, 773 F.2d 1026, 1028 (9th Cir. 1985) (explaining that an allegation of race or class-based discrimination is required to plead a § 1985(3) claim).

Plaintiff has not set forth an equal protection claim based on the facts alleged thus far. He states that he did not receive the same treatment as others, but does not allege that he is part of a protected class or facts indicating that his disparate treatment was as a result of his membership in a protected class. Merely alleging that someone else received a different punishment than Plaintiff based on similar facts does not itself state a violation of the Constitution, even if it seems unfair.

## V.     CONCLUSION AND ORDER

The Court has screened Plaintiff's complaint and finds that it states a non-frivolous claim against Defendants R. Cox and C. Stanley for violation of the Eighth Amendment based on conditions of confinement, specifically the lack of outdoor exercise. The complaint fails to state any other claim against Defendants R. Cox and C. Stanley, or any claim against any other defendant.

The Court will allow Plaintiff to file an amended complaint if he believes that he can plead additional facts that would state a claim under the law explained above. Alternatively, Plaintiff can notify the Court that he is willing to proceed only on the claim found cognizable by this Court—specifically against Defendants R. Cox and C. Stanley for violation of the Eighth Amendment based on conditions of confinement—in which case the Court will authorize the complaint to be served on those defendants.

Should Plaintiff choose to amend the complaint, the amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff must set forth "sufficient factual matter . . . to 'state a

claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). There is no *respondeat superior* liability, and each defendant is only liable for his or her own misconduct. Id. at 676. Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones, 297 F.3d at 934 (emphasis added). Plaintiff is advised that a short, concise statement of the allegations in chronological order will assist the court in identifying his claims. Plaintiff should name each defendant and explain what happened, describing personal acts by the individual defendant that resulted in the violation of Plaintiff's rights. Plaintiff should also describe any harm he suffered as a result of the violation. Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of adding new defendants for unrelated issues.

If Plaintiff decides to file an amended complaint, he is advised that an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F. 3d 896, 907 n.1 (9th Cir. 2012) (*en banc*), and that it must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Accordingly, based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's complaint states a non-frivolous claim against Defendants R. Cox and C. Stanley for violation of the Eighth Amendment based on conditions of confinement, specifically the lack of outdoor exercise. All other asserted claims and defendants are dismissed;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Plaintiff has **thirty (30) days** from the date of service of this order to file an amended complaint or notify the Court that he is willing to proceed only on the claim found cognizable by this Court;

4.  Should Plaintiff choose to amend the complaint, Plaintiff shall caption the amended complaint "Second Amended Complaint" and refer to the case number 1:16-cv-00597-EPG; and

5.  <u>Failure to comply with this order will result in the dismissal of this action</u>.

IT IS SO ORDERED.

Dated:  **January 27, 2017**              /s/ _Erica P. Grosjean_
                                          UNITED STATES MAGISTRATE JUDGE