1

2

3

4

5

6

7

8

9                           UNITED STATES DISTRICT COURT

10                          EASTERN DISTRICT OF CALIFORNIA

11

12    ANDRE UNDERWOOD,                        1:16-cv-00597-EPG (PC)

13                    Plaintiff,              ORDER DENYING PLAINTIFF'S MOTION
                                              FOR APPOINTMENT OF PRO BONO
14           v.                               COUNSEL
                                              (ECF NO. 11)
15    R. COX, et al.,

16                    Defendants.

17

18

19          Andre Underwood ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis*

20    in this civil rights action filed pursuant to 42 U.S.C. § 1983.  On February 13, 2017, Plaintiff filed

21    a request for appointment of pro bono counsel.  (ECF No. 11).

22          According to Plaintiff, he needs counsel appointed because he cannot afford counsel, he

23    has very limited access to the law library, the prison he is located at is on lock down status and his

24    movement is very limited, the case is complex, and having counsel will "better enable" Plaintiff

25    to present evidence and cross-examine witnesses at trial.

26          Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v.

27    Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952

28    (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28

U.S.C. § 1915(e)(1).  <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."  <u>Id.</u> (internal quotation marks and citations omitted).

The Court will not order appointment of pro bono counsel at this time.  At this early stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits.  No defendants have been served.  Additionally, while the Court has screened Plaintiff's First Amended Complaint and found a cognizable claim (ECF No. 10), Plaintiff has not yet informed the Court whether he wishes to proceed only on the cognizable claim or if he will be filing a Second Amended Complaint.

Moreover, based on the record in this case, it appears that Plaintiff can adequately articulate his claims and respond to court orders.  Plaintiff is advised that he is not precluded from renewing the motion for appointment of pro bono counsel at a later stage of the proceedings.

For the foregoing reasons, Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated:  **February 14, 2017**          /s/ Erica P. Groj

                                        UNITED STATES MAGISTRATE JUDGE

2