# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE UNDERWOOD,<br><br>        Plaintiff,<br><br>        v.<br><br>R. COX and C. STANLEY,<br><br>        Defendants. | Case No. 1:16-cv-00597-LJO-EPG (PC)<br><br>ORDER SETTING EVIDENTIARY HEARING AND RELATED DEADLINES<br><br>(ECF NO. 43) |

On January 19, 2018, Defendants filed a motion for summary judgment on the ground that Plaintiff failed to properly exhaust his available administrative remedies. (ECF No. 43). Plaintiff filed an opposition (ECF No. 46) and Defendants filed a reply (ECF No. 48).

After reviewing the evidence, the Court has determined that there is a dispute of material fact and that an <u>Albino</u> evidentiary hearing is necessary. See <u>Albino v. Baca</u>, 747 F.3d 1162, 1170 (9th Cir. 2014). Accordingly, on March 5, 2018, the Court held a telephonic conference regarding the setting of an evidentiary hearing on the issue of exhaustion of administrative remedies. (ECF No. 52). Plaintiff Andre Underwood telephonically appeared on his own behalf. Counsel Annakarina De La Torre-Fennell and Michelle Angus telephonically appeared on behalf of Defendants.

As discussed on the record, the Court will issue Findings and Recommendations to the District Judge regarding denying the motion for summary judgment based on disputes of fact.

The Court also set an evidentiary hearing, which the Court will take off calendar in the event the District Judge declines to adopt the Findings and Recommendations.

1

1    Accordingly, an evidentiary hearing on the issue of exhaustion of administrative remedies

2    is scheduled for July 17, 2018, at 10:30 a.m.

3    Plaintiff will be given until June 8, 2018, to file a motion for the attendance of witnesses.

4    The motion should be entitled "Motion for Attendance of Witnesses." The motion must: (1) state

5    the name, address, and prison identification number (if any) of each witness Plaintiff wants to

6    call; (2) explain what relevant information each witness has, and how that witness has personal

7    knowledge of the relevant information; and (3) state whether each such witness is willing to

8    voluntarily testify.[1]

9    Defendants will be given until June 14, 2018, to file their opposition, if any, to the motion.

10   In their opposition (or separately, if Defendants have no opposition to the motion), Defendants

11   should state whether they would prefer a video conference appearance for any inmate witnesses,

12   and if so, whether the inmates witnesses' institution of confinement can accommodate a video

13   conference appearance.

14   The Court notes that the evidentiary hearing is related only to the issue of exhaustion of

15   administrative remedies. Accordingly, Plaintiff should only ask for the attendance of witnesses

16   that have information relevant to the issue of exhaustion (which includes the issue of the

17   availability of administrative remedies).

18   In accordance with the above, and as discussed on the record at the conference, IT IS

19   HEREBY ORDERED that:

20       1. An <u>Albino</u> evidentiary hearing is set before Magistrate Judge Erica P. Grosjean

21          on July 17, 2018, at 10:30 a.m., at the Robert E. Coyle Federal Courthouse,

22

---

[1] If a prospective witness is not incarcerated, and he or she refuses to testify voluntarily, the witness
23   must be served with a subpoena. Fed. R. Civ. P. 45. In addition, the party seeking the witness's presence must
     tender an appropriate sum of money for the witness. Id. In the case of an unincarcerated witness, the appropriate
24   sum of money is the daily witness fee of $40.00 plus the witness's travel expenses. 28 U.S.C. § 1821.
          If Plaintiff wishes to obtain the attendance of one or more unincarcerated witnesses who refuse to
25   testify voluntarily, Plaintiff must first notify the Court in writing of the name and location of each unincarcerated
     witness. The Court will calculate the travel expense for each unincarcerated witness and notify Plaintiff of the
26   amount(s). Plaintiff must then, for each witness, submit a money order made payable to the witness for the full
     amount of the witness's travel expenses plus the daily witness fee of $40.00. The subpoena will not be served upon
27   the unincarcerated witness by the United States Marshal unless the money order is tendered to the Court. Because no
     statute authorizes the use of public funds for these expenses in civil cases, the tendering of witness fees and travel
28   expenses is required even if Plaintiff was granted leave to proceed *in forma pauperis*.

2500 Tulare Street, Fresno, CA 93721, in Courtroom #10;

2.  Plaintiff has until June 8, 2018, to file a motion for the attendance of witnesses;

3.  Defendants have until June 14, 2018, to file their opposition, if any, to the motion.  In their opposition (or separately, if Defendants have no opposition to the motion), Defendants should state whether they would prefer a video conference appearance for any inmate witnesses, and if so, whether the inmates witnesses' institution of confinement can accommodate a video conference appearance;

4.  The parties have until June 8, 2018, to file and serve their respective witness lists (which should include the name and title of each witness they may call);

5.  The parties have until June 8, 2018, to file and serve their respective exhibit lists (these lists do not need to include evidence that was submitted in support of, or in opposition to, Defendants' motion for summary judgment);

6.  All evidence must be introduced at the evidentiary hearing.  In issuing its findings and recommendations after the evidentiary hearing, the Court will only consider evidence that has been admitted at the evidentiary hearing;

7.  If Defendants' motion for summary judgment is granted, the Court will vacate the evidentiary hearing; and

8.  The deadline for filing dispositive motions is extended to January 24, 2019.

IT IS SO ORDERED.

Dated:   **March 6, 2018**                    /s/ _Erica P. Grosjean_
                                              UNITED STATES MAGISTRATE JUDGE

3