# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE UNDERWOOD,<br><br>    Plaintiff,<br><br>v.<br><br>R. COX and C. STANLEY,<br><br>    Defendants. | Case No. 1:16-cv-00597-LJO-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BE DENIED<br><br>(ECF NO. 43)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

## I. BACKGROUND

Andre Underwood ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

This action is now proceeding on Plaintiff's First Amended Complaint (ECF No. 9) against defendants R. Cox and C. Stanley for violation of the Eighth Amendment based on conditions of confinement, specifically the lack of outdoor exercise. (ECF No. 42, p. 2).

On January 19, 2018, defendant Cox filed a motion for summary judgment on the grounds that Plaintiff failed to properly exhaust his available administrative remedies. (ECF No. 43). On February 12, 2018, Plaintiff filed his opposition to the motion. (ECF No. 46). On February 20, 2018, defendant Cox filed his reply. (ECF No. 48).

Defendant Cox's motion for summary judgment is now before the Court. After consideration of all the materials presented, as well as the applicable law, the Court will recommend denying the motion for summary judgment because there is a genuine dispute of material fact regarding whether Plaintiff timely filed a grievance that prison officials

1

improperly failed to process.

## II. LEGAL STANDARDS

### A. Exhaustion

"The California prison grievance system has three levels of review; an inmate exhausts administrative remedies by obtaining a decision at each level." Reyes v. Smith, 810 F.3d 654, 657 (9th Cir. 2016) (citing Cal. Code Regs. tit. 15, § 3084.1(b) (2011) & Harvey v. Jordan, 605 F.3d 681, 683 (9th Cir. 2010)). See also Cal. Code Regs. tit. 15, § 3084.7(d)(3) ("The third level review constitutes the decision of the Secretary of the California Department of Corrections and Rehabilitation on an appeal, and shall be conducted by a designated representative under the supervision of the third level Appeals Chief or equivalent. The third level of review exhausts administrative remedies….").

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002) (per curiam). The exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 534 U.S. 516, 532 (2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, unless "the relevant administrative procedure lacks authority to provide any relief or to take any action whatsoever in response to a complaint." Booth v. Churner, 532 U.S. 731, 736, 741 (2001); Ross v. Blake, 136 S.Ct. 1850, 1857, 1859 (2016). "Under the PLRA, a grievance 'suffices if it alerts the prison to the nature of the wrong for which redress is sought.' Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010) (quoting Griffin, 557 F.3d at 1120).

As discussed in Ross, 136 S.Ct. at 1862, there are no "special circumstances" exceptions to the exhaustion requirement. The one significant qualifier is that "the remedies must indeed be 'available' to the prisoner." Id. at 1856. The Ross Court described this

qualification as follows:

> [A]n administrative procedure is unavailable when (despite what regulations or guidance materials may promise) it operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates. See 532 U.S., at 736, 738, 121 S.Ct. 1819. . . .
>
> Next, an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use. . . .
>
> And finally, the same is true when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation. . . . As all those courts have recognized, such interference with an inmate's pursuit of relief renders the administrative process unavailable. And then, once again, § 1997e(a) poses no bar.

Id. at 1859–60.

"When prison officials improperly fail to process a prisoner's grievance, the prisoner is deemed to have exhausted available administrative remedies." Andres v. Marshall, 867 F.3d 1076, 1079 (9th Cir. 2017).

If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice of the portions of the complaint barred by section 1997e(a). Jones, 549 U.S. at 223–24; Lira v. Herrera, 427 F.3d 1164, 1175–76 (9th Cir. 2005)

**B.** **Summary Judgment**

Summary judgment is appropriate when it is demonstrated that there "is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Albino II, 747 F.3d at 1169 ("If there is a genuine dispute about material facts, summary judgment will not be granted."). A party asserting that a fact cannot be disputed must support the assertion by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials, or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

A party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). If the moving party moves for summary judgment on the basis that a material fact lacks any proof, the Court must determine whether a fair-minded fact-finder could reasonably find for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [fact-finder] could reasonably find for the plaintiff."). "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex, 477 U.S. at 322. "[C]onclusory allegations unsupported by factual data" are not enough to rebut a summary judgment motion. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989), citing Angel v. Seattle-First Nat'l Bank, 653 F.2d 1293, 1299 (9th Cir. 1981).

In reviewing a summary judgment motion, the Court may consider other materials in the record not cited to by the parties, but is not required to do so. Fed. R. Civ. P. 56(c)(3); Carmen v. San Francisco Unified School Dist., 237 F.3d 1026, 1031 (9th Cir. 2001). In judging the evidence at the summary judgment stage, the Court "must draw all reasonable inferences in the light most favorable to the nonmoving party." Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011). It need only draw inferences, however, where there is "evidence in the record… from which a reasonable inference… may be drawn"; the court need not entertain inferences that are unsupported by fact. Celotex, 477 U.S. at 330 n. 2 (quoting In re Japanese Electronic Products Antitrust Litigation, 723 F.2d 238, 258 (1983)).

### III. DEFENDANT COX'S MOTION FOR SUMMARY JUDGMENT

Defendant Cox moves for summary judgment on the ground that, while Plaintiff submitted an appeal as to his allegations against defendant Cox, the appeal was not timely.

4

(ECF No. 43-2, p. 7). While the appeal was dated November 23, 2014, the Appeals Office did not receive it until December 1, 2014. (Id. at 3). For the appeal to have been timely, Plaintiff would have had to submit it within thirty days of October 24, 2014, which was when he was given the final copy of the relevant Rules Violation Report. (Id. at 6). As the appeal was not timely, the appeal was properly canceled. (Id. at 7). Plaintiff appealed the cancelation on the ground that he did in fact timely file the appeal, but his second appeal was denied because Plaintiff failed to provide sufficient evidence that to support his allegation. (Id. at 3-4).

Defendant Cox argues that, as Plaintiff's appeal related to the allegations against defendant Cox never received a decision from the third level of review, Plaintiff failed to exhaust his available administrative remedies as to his claims against defendant Cox. (Id. at 7).

Plaintiff alleges (under penalty of perjury) that he filed his appeal as to his allegations against defendant Cox on November 23, 2014, which was timely. (ECF No. 46, pgs. 2-3). Despite the appeal being timely filed, on December 3, 2014, the Appeals Coordinator sent Plaintiff a CDC Form 695, asking Plaintiff to explain why he waited until December 1, 2014, to submit the appeal. (Id. at 2). On December 4, 2014, Plaintiff responded, explaining that he deposited the appeal in the mail on November 23, 2014. (Id.). Despite the appeal being timely filed, it was canceled on December 10, 2014. (Id. at 3).

In addition to his testimony provided under penalty of perjury, Plaintiff submitted a copy of the appeal itself, which is dated November 23, 2014. (Id. at 25-28). Thus, if Plaintiff submitted the appeal on the date indicated on that appeal, his appeal would have been timely.

IV. **ANALYSIS**

The Court finds that there is a genuine dispute of material fact. Defendant Cox has submitted evidence that Plaintiff failed to timely file his grievance because it was not received by the appeals office until December 1, 2014, and thus argues that Plaintiff failed to exhaust his available administrative remedies. Plaintiff alleges under penalty of perjury that he deposited the appeal in the mail on November 23, 2014. Both Plaintiff and Defendant Cox provided a copy of the appeal, which is dated November 23, 2014.

As Plaintiff has submitted evidence that the appeal was submitted on November 23,

2014, which would have been timely, the Court finds that there is a genuine dispute of fact regarding whether Plaintiff timely submitted the appeal. As Plaintiff's appeal was canceled as being untimely, this is a material fact. Andres, 867 F.3d at 1079 ("When prison officials improperly fail to process a prisoner's grievance, the prisoner is deemed to have exhausted available administrative remedies."). Accordingly, defendant Cox's summary judgment motion should be denied.

## VII. CONCLUSION AND RECOMMENDATIONS

The Court will recommend that defendant Cox's motion for summary judgment be denied because there is a genuine dispute of material fact regarding whether Plaintiff timely filed his grievance.[1]

Accordingly, based on the foregoing, IT IS HEREBY RECOMMENDED that defendant Cox's motion for summary judgment (ECF No. 43) be DENIED.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within twenty-one (21) days** after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**March 8, 2018**__   /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

---

[1] Defendant Cox requested an evidentiary hearing in the event his motion for summary judgment is denied. (ECF No. 43-2, pgs. 7-8). The Court notes that it has already scheduled an evidentiary hearing, but has explained that it will vacate that date if these recommendations are not adopted prior to that time. (ECF No. 53).